### J. R. POWELL v. THOMAS J. FREEMAN, RECEIVER.

App. No. 7653. Decided June 12, 1912.

**Master and Servant—Assumed Risk—Interstate Commerce.**

A servant of a railway whose duty was to carry ice from the place of storage and place it in the water cooler of a passenger train, the ice hooks furnished him for the purpose having been misplaced, continued for six months to handle it without implements, and in doing so slipped, a block of ice falling on and injuring him. Held that under the laws of the State he assumed the risk of the alleged negligence of the master, that being a failure to furnish him with ice hooks. The correctness of the ruling of the appellate court denying him a recovery on the ground that he was engaged in interstate commerce, and the state statute as to assumed risk (Laws, 29th Leg., ch. 163, sec. 1) did not govern (Freeman v. Powell, 144 S. W., 1033) is not passed on.

Application for writ of error to the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

Powell sued Freeman, Receiver, and had judgment. On defend-

ant's appeal it was reversed and rendered in his favor.  Plaintiff, appellee, then applied for writ of error.

*Mike E. Smith* and *Turner & Bradley,* for applicant.

*George Thompson* and *Spoonts, Thompson & Barwise,* for appellant in the Court of Civil Appeals.

Mr. Chief Justice Brown delivered the opinion of the court.

This application is refused because the evidence of the plaintiff in error shows that he assumed the risk of lifting the ice as he did.

We do not approve the holding of the Court of Civil Appeals that the plaintiff was engaged in interstate commerce; that question is not passed upon by this court.

*Writ of error refused.*